

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| UNITED STATES OF AMERICA | |
|---|---|
| v. | Criminal No. 19-337 |
| RAJINDER SINGH<br>MAKHAN SINGH | [UNDER SEAL] |

## INDICTMENT MEMORANDUM

AND NOW comes the United States of America, by its attorneys, Scott W. Brady, United States Attorney for the Western District of Pennsylvania, and Christy Criswell Wiegand, Assistant United States Attorney for said District, and submits this Indictment Memorandum to the Court:

## I. THE INDICTMENT

A federal grand jury returned a three-count Indictment against the above-named defendants for alleged violations of federal law:

| COUNT | OFFENSE/DATE | TITLE/SECTION | DEFENDANT |
|---|---|---|---|
| 1 | Conspiracy<br>From in and around 2011 through in an around October 2018 | 18 U.S.C. § 371 | ALL DEFENDANTS |
| 2, 3 | Visa Fraud<br>On or about March 11, 2016<br>On or about December 14, 2017 | 18 U.S.C. § 1546(a) | RAJINDER SINGH |

## II. ELEMENTS OF THE OFFENSES

A. As to Count 1:

In order for the crime of Conspiracy, in violation of 18 U.S.C. § 371, to be established, the government must prove all of the following essential elements beyond a reasonable doubt:

1. That two or more persons agreed to commit an offense against the United States, as charged in the Indictment.

2. That the defendant was a party to or member of that agreement;

3. That the defendant joined the agreement or conspiracy knowing of its objective to commit an offense against the United States, and intending to join together with at least one other conspirator to achieve that objective; that is, that the defendant and at least one other alleged conspirator shared a unity of purpose and the intent to achieve the objective to commit an offense against the United States; and

4. That at some time during the existence of the agreement or conspiracy, at least one of its members performed an overt act in order to further the objective of the agreement.

Third Circuit Model Criminal Jury Instruction 6.18.371A.

**B.     As to Counts 2 and 3:**

In order for the crime of Visa Fraud, in violation of 18 U.S.C. § 1546(a), to be established, the government must prove all of the following essential elements beyond a reasonable doubt:

1. The defendant made or subscribed as true a false statement;

2. The defendant acted with knowledge that the statement was untrue;

3. The statement was material to the activities or decisions of the United States Citizenship and Immigration Services; that is, it had a natural tendency to influence, or was capable of influencing, the agency's decisions or activities;

4. The statement was made under oath or under penalty of perjury; and

5. The statement was made on an application or other document required by immigration laws or regulations.

Title 18, United States Code, Section 1546(a).

### III. PENALTIES

A. **As to Count 1: Conspiracy (18 U.S.C. § 371):**

1. A term of imprisonment of not more than 5 years (18 U.S.C. § 371);

2. A fine not more than the greater of;

   a. $250,000 (18 U.S.C. § 3571(b)(3));

   or

   b. an alternative fine in an amount not more than the greater of twice the gross pecuniary gain to any person or twice the pecuniary loss to any person other than the defendant, unless the imposition of this alternative fine would unduly complicate or prolong the sentencing process (18 U.S.C. § 3571(d));

3. A term of supervised release of not more than three (3) years (18 U.S.C. § 3583);

4. Any or all of the above.

B. **As to Counts 2 & 3: Visa Fraud (18 U.S.C. § 1546(a)):**

1. A term of imprisonment of not more than 25 years (if the offense was committed to facilitate an act of international terrorism (as defined in section 2331 of this title)), 20 years (if the offense was committed to facilitate a drug trafficking crime (as defined in section 929(a) of this title)), 10 years (in the case of the first or second such offense, if the offense was not committed to facilitate such an act of international terrorism or a drug trafficking crime), 15 years (in the case of any other offense)(18 U.S.C. § 1546(a));

2. A fine of not more than $250,000 (18 U.S.C. § 3571(b)(3); and

3. A term of supervised release of not more than three (3) years or not more

than five (5) years, if the maximum imprisonment is 25 years (18 U.S.C. § 3583).

## IV. **MANDATORY SPECIAL ASSESSMENT**

A mandatory special assessment of $100.00 must be imposed at each count upon which the defendant is convicted, pursuant to 18 U.S.C. § 3013.

## V. **RESTITUTION**

Not applicable in this case.

## VI. **FORFEITURE**

As set forth in the Indictment, forfeiture may be applicable in this case.

Respectfully submitted,

SCOTT W. BRADY
United States Attorney

s/ Christy C. Wiegand
CHRISTY CRISWELL WIEGAND
Assistant U.S. Attorney
MA ID No. 647903

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | Criminal No. 19-337 [UNDER SEAL] |
| RAJINDER SINGH<br>MAKHAN SINGH | |

## MOTION FOR ARREST WARRANT

AND NOW comes the United States of America, by its attorneys, Scott W. Brady, United States Attorney for the Western District of Pennsylvania, and Christy C. Wiegand, Assistant United States Attorney for said District, and, pursuant to Rule 9 of the Federal Rules of Criminal Procedure, respectfully moves the Court to issue an Order directing that an Arrest Warrant be issued for the apprehension of defendants Rajinder Singh and Makhan Singh, upon the grounds that an Indictment has been returned in the above-captioned criminal case charging the defendants with Title 18, United States Code, Sections 371 and 1546(a).

Recommended bond: $30,000 unsecured.

Respectfully submitted,

SCOTT W. BRADY
United States Attorney

By: /s/ Christy C. Wiegand
CHRISTY CRISWELL WIEGAND
Assistant U.S. Attorney
MA ID No. 647903